ORIGINAL

FILED

01/02/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0450

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 23-0450

_____

STATE OF MONTANA,

Plaintiff and Appellee,

v.

JOHN RAYMOND WELZEL,

Defendant and Appellant.

_____

FILED

DEC 3 1 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Joshua James Thornton, counsel for Appellant John Raymond Welzel, filed a motion and brief asking to be allowed to withdraw from this appeal on grounds that counsel has been unable to find any nonfrivolous issues to raise on appeal, pursuant to § 46-8-103(2), MCA, and *Anders* v. *California,* 386 U.S. 738, 87 S. Ct. 1396 (1967).

We have determined that counsel's *Anders* brief does not meet *Anders'* requirements. The purpose of *Anders* is to guarantee "substantial equality and fair process" to indigent appellants by requiring appointed counsel to act "in the role of an active advocate in behalf of his client." *Anders*, 386 U.S. at 744, 87 S. Ct. at 1400. This requires that appointed counsel "support his client's appeal to the best of his ability." *Anders*, 386 U.S. at 744, 87 S. Ct. at 1396. Section § 46-8-103(2), MCA, which codifies *Anders*, requires that counsel wishing to withdraw as appellate defense counsel advise this Court that the appeal would be wholly frivolous and support the request with "a memorandum discussing any issues that arguably support an appeal." The statute does not contemplate that counsel shall actually argue *against* his client's appeal. Here, counsel has not complied with § 46-18-103(2), MCA, in that he has affirmatively argued against his client's appeal.

Moreover, our limited examination of the submitted brief revealed that, in concluding that his client can raise no nonfrivolous issues on appeal, counsel relied upon caselaw that has been superseded by statute. Counsel argues that under *State v. Byrd*, 2015

MT 20, 378 Mont. 94, 342 P.3d 9, Welzel is ineligible for time credit during his stay at an inpatient treatment facility. However, § 46-18-403(1), MCA, was amended in response to *Byrd* to allow defendants to receive credit for this time under certain circumstances. Section 46-18-403(1), MCA (2021 Mont. Laws ch. 283, § 1). At this juncture, we take no position as to whether a nonfrivolous argument exists regarding the amount of time credit awarded in this case. Given counsel's reliance on superseded law, however, we believe the question warrants more thorough review by appellate counsel.

IT IS THEREFORE ORDERED that counsel's motion for permission to withdraw is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that counsel's *Anders* brief is STRICKEN FROM THE RECORD.

IT IS FURTHER ORDERED that counsel shall have 30 days from the date of this order in which to file either an *Anders* brief that complies with the requirements of *Anders* and § 46-8-103(2), MCA, or an Opening Brief.

The Clerk is directed to provide copies of this Order to all counsel of record and to Welzel personally.

DATED this 31st day of December, 2024.

_____
Chief Justice

_____

_____

_____

_____

2

_____

_____
Justices

3